# United States District Court
## Middle District Of Florida
### Orlando Division

TRAVIS JACKSON,

        Plaintiff,

v.                                   Case No:   6:23-cv-38-WWB-LHP

CREATION MAINTENANCE INC.
and ROBERT APSEY,

        Defendants

---

### Order

This cause came on for consideration without oral argument on the following motion filed herein:

| |
|---|
| **MOTION:   PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS (Doc. No. 14)** |
| **FILED:**      **May 8, 2023** |
| |
| **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**. |

On January 9, 2023, Plaintiff Travis Jackson, individually and on behalf of all others similarly situated,[1] filed the above-styled case against Defendants Creation Maintenance Inc. and Robert Apsey, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").   Doc. No. 1.   Plaintiff asserts one claim of failure to pay overtime wages in violation of the FLSA.   *Id.* at 11–14.   Defendants have not appeared in the case to date, and on Plaintiff's motion, Clerk's default was entered against both Defendants on March 23, 2023.   Doc. Nos. 10–11.

Now, Plaintiff seeks default judgment against both Defendants.   Doc. No. 14.   The motion has been referred to the undersigned.   *See* Doc. No. 5.   Upon consideration, however, the motion is due to be denied without prejudice because, as discussed herein, Plaintiff has not demonstrated that the allegations of the complaint are sufficient to establish coverage under the FLSA.

In order to be eligible for unpaid minimum wage or overtime under the FLSA, an employee must demonstrate that he or she is covered by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). An employee may establish coverage by demonstrating: (1) that he or she was engaged in commerce or in the production of goods for commerce (*i.e.*, individual

---

[1] Although styled as a collective action, no other persons have opted in as Plaintiffs in this case.

coverage); or (2) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage).   29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298–99.

For an employee to demonstrate that he or she was "engaged in commerce" for purposes of individual coverage, he or she must:

> be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

To demonstrate enterprise coverage, the employee must show that:

> (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

> (2) the employer's annual gross volume of sales is $500,000 or more.

*De Lotta v. Dezenzo's Italian Rest., In.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citations omitted); *see* 29 U.S.C. § 203(s)(1).   "District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000

annually." *Id.* (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008) ("[I]t is clear from the language of the statute that, for enterprise coverage under the FLSA to apply, the enterprise must be engaged in commerce under the statute and must gross over $500,000 annually.")).

In the complaint, Plaintiff alleges that he and the putative collective action members are current and former laborers who worked for Defendants.   Doc. No. 1 ¶ 1.   The complaint further defines "laborers" as "lawn care worker, landscaper, laborer, or helper who used their hands and performed manual labor." *Id.* ¶ 12. Plaintiff alleges that his "primary duties were to perform manual labor working on landscaping and handling lawncare at residential and business properties," and that he worked from and reported to an office in Palm Bay, Florida. *Id.* ¶¶ 3, 19. The complaint contains only the following allegations that could be construed as relevant to FLSA individual or enterprise coverage:

> 18. The overtime wage provisions set forth in FLSA § 207 apply to Defendants.   Defendants earned more than $500,000 in revenue during the relevant years.

> . . . .

> 26.   Defendant CLCL[2] is an employer within the definition of the FLSA, as it has revenues exceeding $500,000 annually in all applicable time periods and employs more than 2 employees.

---

² In the complaint, Plaintiff inconsistently names the entity Defendant as "CMI" or "CLCL." *See, e.g.*, Doc. No. 1 ¶¶ 24–30.

. . . .

28. CMI was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d).

. . . .

42. Plaintiff, and all other similarly situated employees are currently now or have previously been covered under FLSA § 207 as employees.

Doc. No. 1 ¶¶ 18, 26, 28, 42.[3]

These conclusory allegations are insufficient to establish either individual or enterprise coverage under the FLSA.   *See, e.g.*, *De Lotta*, 2009 WL 4349806, at *2–3 (conclusory allegations of FLSA coverage were insufficient to support default judgment); *Cloer v. Green Mountain Specialties Corp.*, 6:18-cv-999-Orl-40KRS, 2019 WL 568358, at *1 (M.D. Fla. Jan. 2, 2019) (finding conclusory allegations regarding individual and enterprise coverage insufficient and denying motion for default judgment, specifically finding allegations that plaintiffs worked at various jobs, including ironworker, driver, laborer, and welder, to be insufficient to establish individual coverage because the plaintiffs did not allege any facts showing how, in their respective jobs, they were engaged in commerce or in the production of goods for commerce).   Nor does Plaintiff adequately address in the motion for default

---

[3] Notably, Plaintiff's complaint never once mentions the word "commerce."   *See* Doc. No. 1.

judgment why Plaintiff's job as a laborer, or Defendants' employment of laborers, establishes individual or enterprise coverage under the FLSA. *See* Doc. No. 14, at 6–7.[4]   Without demonstrating that the complaint sufficiently alleges coverage under the FLSA, Plaintiff's request for default judgment against Defendants must be denied. *See Ramos v. Diamond Drywall & Glass, LLC*, No. 2:12-cv-622-FtM-99DNF, 2013 WL 12388526, at *2–3 (M.D. Fla. May 7, 2013) (recommending denial of default judgment where the plaintiff failed to allege any facts to support a finding of either individual or enterprise coverage where only allegations were legal conclusions and a representation that plaintiff installed drywall and glass in Florida).

Accordingly, Plaintiff's Motion for Default Judgment Against Defendants (Doc. No. 14) is **DENIED without prejudice**.   If Plaintiff believes that he can

---

[4] This is not to say that the deficiency of the allegations of the complaint could be rectified by submissions via a motion for default judgment, as whether Defendants are liable for the cause of action in the complaint is determined based on the well pleaded facts in the complaint, not by supporting evidence. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). *See also Pinnacle Towers LLC v. airPowered, LLC*, No. 5:15-cv-81-Oc-34PRL, 2015 WL 7351397, at *2 (M.D. Fla. Nov. 20, 2015) (finding that the assertion of new facts in motion for default judgment and supporting affidavit was an impermissible attempt to amend the complaint); *Sabili v. Chase Hotel Mgmt., LLC*, No. 6:10-cv-807-Orl-31KRS, 2011 WL 940230, at *3 (M.D. Fla. Feb. 28, 2011) (finding that because certain assertions of fact were in an affidavit attached to motion for default judgment and were not alleged in the complaint, defendant was not deemed to have admitted them by virtue of its default), *report and recommendation adopted*, 2011 WL 940207 (M.D. Fla. Mar. 17, 2011).

demonstrate coverage under the FLSA based on the current complaint (Doc. No. 1), he shall file a renewed motion, with citation to legal authority supporting that proposition, on or before **June 9, 2023**.   Alternatively, on or before **June 9, 2023**, Plaintiff may file an amended complaint, should he deem it necessary to do so, which must be served on Defendants in compliance with the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Orlando, Florida on May 26, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties